■ In the Matter of the Claim of Beecher Burlingham, Respondent, against Onondaga County Park and Regional Planning Board et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal by the employer and carrier from an award of disability compensation. While lifting a heavy picnic table over a bank on August 9, 1952, claimant sustained a severe back sprain. In May, 1953, claimant complained of pain in the left kidney region. On August 8, 1953, he was hospitalized for acute prostatitis. Appellants do not dispute the original accident. They contend, however, that there is no evidence that the disability due to the kidney condition and prostatitis is causally related to the accident. Claimant's attending physician, in both reports and testimony, expressed an unequivocal opinion that both conditions were the result of the accident, and explained his reasons for such an opinion. We think the board could accept the testimony of the attending physician, and that the award is supported by substantial evidence. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ In the Matter of the Claim of Grace Burns, Respondent, against Anstice Co., Inc., et al., Appellants, and Special Fund for Reopened Cases, Respondent. Workmen's Compensation Board, Respondent.— Appeal by employer and its carrier from a decision and award of the Workmen's Compensation Board for continuing disability due to silicosis. Claimant first became totally disabled on April 10, 1946. An award was made on June 17, 1947 for periods of disability up to April 27, 1946, the case was closed and the carrier directed to resume payments for each week in which the claimant should have no earnings until the maximum of $6,500 should be paid, pursuant to former article 4-A of the Workmen's Compensation Law. Subsequent periods of disability did ensue and the carrier paid compensation therefor. In 1951

the case was reopened, apparently as a matter of routine then followed, and on January 8, 1952 an award was made for disability to October 5, 1948. The carrier states that this award was made in reliance upon the report of October 22, 1948 which it had filed with the board and which was erroneous in that it failed to give effect to claimant's employment from April 14, 1948 to April 27, 1948, of which the carrier knew. In making its computation of the amount of the award, the carrier found the amount of $20 apparently due and paid this sum on January 30, 1952. It appears to be conceded that had the award been made for the correct period, so as not to include the period April 14 to April 27 in 1948, no payment would have been due. The claimant became disabled again on June 15, 1953 and the carrier resumed payments. Thereafter the error in making the payment of January 30, 1952 was discovered. At a hearing on December 22, 1953 the carrier sought to have the Special Fund for Reopened Cases under section 25-a charged with liability, contending that there had been a lapse of more than seven years from the date of injury and of more than three years from the date of the last payment of compensation (Workmen's Compensation Law, § 25-a, subd. 1), this on the theory that its payment of January 30, 1952 was made by mistake and, since nothing was then due, was not a payment of compensation, and that the payments made in 1953 were also made in error, in that its clerk who effected them would not have done so except for the 1952 payment and had no reason to consider whether a limitation period might be involved, after noting that a payment had been made in 1952. The original error, in 1948, was the carrier's and apparently could have been ascertained from its own records at any time during the long period which ensued, as it eventually was. Whatever might have been the effect of the 1952 payment standing alone, the 1953 payments were clearly of compensation for which an award had been made, within the meaning of section 25-a. Thus the board's decision was technically correct. The board also noted appellants' failure either to appeal from the 1952 award or to request its correction prior to the resumption of payments in 1953. Under the circumstances, we cannot say that the board acted arbitrarily in thereafter declining to relieve the carrier from the consequences of its error of such long standing. Decision and award affirmed, with costs to the respondent Special Fund. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.